**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-60602
Summary Calendar
_____

MARTHA ELIZABETH REEVES,

Plaintiff-Appellant,

versus

DOLLAR GENERAL CORPORATION; ET AL,

Defendants,

DOLGENCORP INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(3:97-CV-467-LN)

_____

April 23, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff Martha Reeves appeals the district court's dismissal of her claims pursuant to

Defendant Dolgencorp, Inc.'s motion for summary judgment. We affirm.

I

Reeves worked as a store manager for Dolgencorp in Pearl, Mississippi. While at work,

[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

Reeves fell and injured her knee. Although she continued to work for several weeks, Reeves eventually required surgery for her injuries. She returned to work after about two months, but was terminated three days later. Reeves sued Dolgencorp, alleging that she was terminated in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

To make out a *prima facie* case of discrimination under the ADA, a plaintiff must show that, among other things, he or she is a "qualified individual for the job in question." *Hamilton v. Southwestern Bell Tel. Co.*, 136 F.3d 1047, 1050 (5th Cir. 1998). To make that showing, the plaintiff must demonstrate either that (1) he or she could perform the essential functions of the job in spite of his disability, or (2) a reasonable accommodation of his or her disability would have enabled him or her to perform the essential functions of the job. *See Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996). The district court granted summary judgment on the grounds that Reeves failed to demonstrate that there was a genuine issue of material fact as to whether she was a "qualified individual" under the ADA. Specifically, the district court ruled that stocking merchandise was an essential part of Reeves's job as store manager, and that Reeves could no longer perform that function.

## II

We review summary judgment rulings *de novo*, applying the same standard applied by the district court. *See Alton v. Texas A&M Univ.*, 168 F.3d 196, 199 (5th Cir. 1999). Summary judgment is appropriate where the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, or where it is so overwhelming that it mandates judgment in favor of the movant, summary judgment is appropriate." *Alton*, 168 F.3d at 199.

Included in the summary judgment record is Dolgencorp's written job description of Reeves's

store manager position.[1] This document provides that stocking merchandise, unloading trucks, and performing other receiving functions are among the "essential job functions" of a store manager. Also in the summary judgment record is Reeves's deposition. Reeves testified that her knee injury prevented her from performing any aspects of her job that required standing or walking. She testified that because of her injuries, she could no longer unload trucks. Reeves also testified that her job normally required her to be on her feet for ten hours a day.

Reeves does not contest that the tasks of stocking and unloading require standing and walking. Rather, Reeves argues that the evidence is inconclusive as to whether her essential duties as manager required her to stock goods and unload trucks manually, or whether she was required merely to oversee that process. She notes that under Dolgencorp's written description, some of the manager's responsibilities include merely "ensur[ing]" that certain tasks are accomplished and "oversee[ing]" such tasks. However, Reeves cites solely to the manager's "Store Management" functions. She neglects to point out that among the manager's essential functions are certain "Clerical Duties," which include "[s]tock[ing] merchandise adequately in the store" and "[u]nload[ing] trucks and perform[ing] other receiving functions properly." These clerical duties do not require merely that the store manager ensure that stocking and unloading is accomplished. Rather, they require that the store manager "[s]tock" and "[u]nload." Consequently, Reeves fails to raise a genuine issue of fact as to her essential job functions.

Nonetheless, Reeves argues on appeal that the evidence created a genuine issue as to whether she could perform the job's essential functions. Reeves notes that during the weeks between her injury and her surgery, before Dolgencorp terminated her, she was able to work at her job. However, Reeves does not point to any specific part of the record to support this assertion in her initial appellate brief. The evidence to which she cites in her reply brief suggests only that Reeves was able to "maintain regular attendance" during the weeks between her injury and her surgery. Such

---

[1] An employer's "written job description[]" is valid evidence that a particular task is an essential job function. *See* 29 C.F.R. § 1630.2(n)(3).

testimony does not indicate that she was able to perform all of her essential duties during that time. Therefore, this evidence fails to raise an inference that she could perform all of the job's essential functions at the time Dolgencorp terminated her.[2] Even if Reeves's ability to work before her surgery raises a slight inference that she is a qualified individual, any such inference is overwhelmed by Reeves's own testimony that she could not perform any aspects of the job that required standing or walking.[3]

Reeves also cites to the affidavit of a vocational expert (VE) as evidence that she was a qualified individual. In her memorandum to the district court, however, Reeves failed to argue that the VE's affidavit raised a genuine issue of fact as to whether she was a qualified individual.[4] Accordingly, we need not consider such evidence on appeal. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996) ("The district court had no obligation to consider evidence that the [plaintiffs] did not bring forth in opposition to the summary judgment motions . . . [a]nd we have no obligation to do so here on appeal.") (citations omitted).

Even if we were to examine the VE's affidavit, we find it insufficient to produce a genuine issue of fact as to whether Reeves was qualified. The VE acknowledged that Reeves may require accommodation to perform her stocking responsibilities. Indeed, Reeves admitted in her memorandum to the district court that the stocking and unloading aspects of her job would require accommodation. On appeal, however, Reeves fails to suggest any such accommodation. Rather she simply challenges whether physical unloading and stocking are truly essential functions of her job as

_____

[2] In assessing whether the plaintiff is a qualified individual, we focus on whether he or she was qualified at the time of his or her termination. *See Rogers v. International Marine Terminals, Inc.*, 87 F.3d 755, 759 (5th Cir. 1996).

[3] Moreover, Reeves fails to produce evidence that her capabilities before her surgery were the same as her capabilities after her surgery. To the contrary, the record suggests that after her surgery, Reeves was subject to additional restrictions from her doctor.

[4] Although Reeves does not mention the VE's affidavit in her district court memorandum in response to the summary judgment motion, she does refer generally to the affidavit in her response to summary judgment motion. Reeves's response and her memorandum are two separate documents. However, Reeves's response does not cite specific parts of the VE's affidavit, nor does it explain why the affidavit supports Reeves's claim that she was qualified under the ADA.

manager.  As we explain above, the uncontested evidence is that they are essential functions.

III

Accordingly, we AFFIRM the district court.